THOMAS G. LANE, JR., ADMINISTRATOR D.B.N. OF THE ESTATE OF TOMMY CURTIS COLEE, DECEASED v. BETTY COLEE SCARBOROUGH, THOMAS W. COLEE AND LYNN WOOD COLEE

No. 7326SC328

(Filed 25 July 1973)

Descent and Distribution § 13; Husband and Wife § 11— separation agreement — no release of intestate succession rights

In a declaratory judgment action to determine rights of the surviving wife and parents in distribution of the estate of intestate, the trial court properly held that no express provision for surrender of intestate rights was included in a written separation agreement made between the intestate and his wife approximately one year before the death of intestate, nor was such a waiver provision necessarily implied from the express language which was contained in the agreement; therefore, the wife had the right to inherit from the estate as a surviving spouse.

Judge BROCK dissents.

APPEAL by defendants, Betty Colee Scarborough and Thomas W. Colee, from *Snepp, Judge,* 1 January 1973 Schedule "C" Session of Superior Court held in MECKLENBURG County.

Action for declaratory judgment to determine rights of the parties in distribution of the estate of Thomas Curtis Colee, who died intestate on 15 July 1971. Defendant, Lynn Wood Colee, is the surviving wife and defendants, Betty Colee Scarborough and Thomas W. Colee, are the surviving parents of the intestate. Jury trial was waived and the matter was heard on an agreed statement of facts.

Lynn Wood Colee and Thomas Curtis Colee were lawfully married to each other on 12 October 1968. In June 1970 they entered into a separation agreement and were living separate and apart at the time of Thomas's death. The sole issue before the Court is whether Lynn released her right to intestate succession provided by G.S. 29-13 and G.S. 29-14 by executing the separation agreement. By the first three paragraphs of the agreement the parties (1) agreed to live separate and apart, (2) stipulated that no children were born of their marriage, and (3) agreed to divide their household furnishings. The remaining paragraphs of the agreement are as follows:

"4. That from and after the date of this Agreement the said party of the second part does hereby agree that she will make no demands upon the said party of the first part for support and further will incur no obligations, debts or otherwise which will be or become the responsibility of the said party of the first part.

"5. It is agreed that each of the parties may from this date, and at all times hereafter purchase, acquire, own, hold, possess, dispose of, and convey any and all classes and kinds of property, both real and personal, as though free and unmarried, without the consent or joinder of the other party, and each party does hereby release the right to administer upon the estate of the other.

"6. Both parties hereunto agree that henceforth neither of them, in any manner will molest or interfere with the personal rights, liberties, privileges or affairs of the other, and each shall henceforth live his and her own personal life as though unmarried, and unrestricted in any manner by the marriage that has heretofore existed."

The trial court entered judgment reciting the agreed statement of facts and finding as a fact from examination of the separation agreement "that Lynn Wood Colee and Thomas Curtis Colee did not intend to mutually release their right of intestate succession" provided by G.S. 29-13 and G.S. 29-14 and that Lynn Wood Colee did not release her right of intestate succession by executing the separation agreement. The court concluded as a matter of law that Lynn Wood Colee has the right to inherit from the estate as a surviving spouse and ordered the administrator to make distribution to her as surviving spouse and to such other persons as may qualify by law as heirs of the decedent.

From this judgment, defendants Betty Colee Scarborough and Thomas W. Colee appealed.

*Sanders, Walker & London by Robert G. Sanders and Robert C. Stephens for plaintiff appellants.*

*Thomas D. Windsor for defendant appellee.*

PARKER, Judge.

The marriage relationship vests in the respective spouses a number of distinct legal rights. Among these are the rights to consortium, to support (in the case of the dependent spouse, G.S. 50-16.1 et seq.), to administer the estate of the deceased spouse in case of intestacy as provided by G.S. 28-6(a)(1), to take an elective life estate as provided by G.S. 29-30, to dissent from the will of the deceased spouse as provided by G.S. 30-1, to receive a year's allowance under G.S. 30-15, and to intestate succession under G.S. 29-13 and G.S. 29-14. Any or all of these rights may be surrendered by a properly drawn separation agreement complying with the requirements of G.S. 52-6. The question presented by the present appeal is whether one of these rights, the right to intestate succession under G.S. 29-13 and G.S. 29-14, was surrendered by the separation agreement here involved. We agree with the trial judge that it was not.

By express language in the agreement each party gave up the right to consortium, to support, to administer upon the estate of the other, and agreed that each might thereafter "purchase, acquire, own, hold, possess, dispose of, and convey" real and personal property without the consent or joinder of the other. Nowhere is there any express language releasing the

right of intestate succession nor is the language of the agreement so all encompassing that such a release must necessarily be implied. To read such a release into the agreement would require insertion of language which the parties themselves failed to include.

It is, of course, possible that express provision for surrender of intestate rights was omitted from the contract in this case solely by inadvertence, and that had the attention of the parties been directed to this matter, such a provision would have been included. It would be pure speculation to conjecture that such was actually the case. The fact remains that no express provision for such surrender was included in the written contract signed by the parties, nor is such a provision necessarily implied from the express language which was contained therein. We must construe the contract as written and signed by the parties, but we have no power to write a new contract binding them to provisions which, for whatever reasons, they failed to include.

Judgment affirmed.

Judge MORRIS concurs.

Judge BROCK dissents.